IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STACY MICHELLE MACKEY,           )
                                 )
                   Plaintiff,    )
                                 )       CIVIL ACTION
v.                               )
                                 )       No. 15-1315-JWL
CAROLYN W. COLVIN,               )
Acting Commissioner of Social Security,  )
                                 )
                   Defendant.    )
_____ )

MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance benefits (DIB) under sections 216(i) and 223 of the Social Security Act. 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act). Finding no error in the Administrative Law Judge's (ALJ) decision, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING that decision.

I.      Background

Plaintiff applied for DIB, alleging disability beginning January 10, 2012. (R. 12, 153). Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits. She argues that the ALJ erred in weighing the medical opinion of her treating physician, Dr. Bigham. The court's review is guided

by the Act.  Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).  Section 405(g) of the

Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if

supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court

must determine whether the ALJ's factual findings are supported by substantial evidence

in the record and whether she applied the correct legal standard.  Lax v. Astrue, 489 F.3d

1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir.

2001).  Substantial evidence is more than a scintilla, but it is less than a preponderance; it

is "such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at

1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

       The court may "neither reweigh the evidence nor substitute [its] judgment for that

of the agency."  Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting

Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord,

Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005).  Nonetheless, the

determination whether substantial evidence supports the Commissioner's decision is not

simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by

other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v.

Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

       The Commissioner uses the familiar five-step sequential process to evaluate a

claim for disability.  20 C.F.R. § 404.1520; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th

Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a

determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC). 20 C.F.R. § 404.1520(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court addresses Plaintiff's arguments and finds no error requiring remand.

3

## II.      Discussion

Plaintiff argues that the ALJ erred both because she did not assign a specific weight to Dr. Bigham's medical opinion and because she "did not provide good reasons to discount it."  (Pl. Br. 13).  She points to six reasons given by the ALJ to discount Dr. Bigham's opinion--noting that the ALJ found the opinion inconsistent with the evidence as a whole, that she found Dr. Bigham's treatment suggested lesser limitations than he opined, that Dr. Bigham did not have a significant treating history, and that Plaintiff's activities were inconsistent with the limitations opined.  Id. at 14-15.  She argues that "[a] closer look at the evidence undermines" the ALJ's findings.  Id. at 15.  She concludes that the facts, properly viewed, are consistent with Dr. Bigham's opinion.  Id. at 15-17.

The Commissioner argues the ALJ reasonably rejected Dr. Bigham's opinions.  She acknowledges that the ALJ did not specify the particular weight accorded to Dr. Bigham's opinion, but asserts that from the ALJ's discussion it is clear she gave the opinion "little-to-no weight."  (Comm'r Br. 8).  She notes that Dr. Bigham opined regarding both Plaintiff's physical limitations and her mental limitations and points out that the ALJ provided reasons to discount both sets of limitations.  Id. at 9.  She argues, "The evidence overwhelmingly supports the ALJ's rejection of the opinions," id., and explains how that, in her view, the evidence does so.  Id., 9-13.

### A.      The ALJ's Findings

As the parties agree, the ALJ did not state a quantum of weight accorded to Dr. Bigham's decision.  But, she did explain numerous bases for discounting that opinion:

4

Dr. Bigham's assessments are inconsistent [1] with the evidence as a whole [2] including his own treating records.  I note that while he occasionally signed as the supervising physician, the record indicates that he rarely saw the claimant personally.  Thus, [3] he did not have a significant treating history with the claimant.  While he assessed disabling limitations on the claimant's functional capacity due to her severe pain, it is also noted that [4] he refused to prescribe more than Mobic for such severe pain.  [5] He has not referred the claimant to physical therapy.  His assessment is also inconsistent with the [6] objective examination of Dr. Wallace, the [7] claimant's report of walking for weight loss, and [8] her ability to grocery shop for 30 to 45 minutes.

The [9] evidence as a whole also does not support his restrictions with regard to the claimant's mental health.  His assessment is [10] inconsistent with objective evaluation of Dr. Wells and [11] other mental status examinations noting good concentration.  While Dr. Bigham opined that the claimant could not work (Ex. 17F/2 [(R. 410)]), I note that [12] an opinion about whether a claimant is disabled is reserved for the Commissioner and that [13] the Social Security Administration has a different process, standards, and criteria for determining disability (CFR 404.l527(e)).

(R. 21) (numbering added).

### B.    Standard for Evaluating a Treating Source Medical Opinion

A treating physician's opinion about the nature and severity of plaintiff's impairments should be given controlling weight by the Commissioner if it is well supported by clinical and laboratory diagnostic techniques and if it is not inconsistent with other substantial evidence in the record.  Watkins v. Barnhart, 350 F.3d 1297, 1300-01 (10th Cir. 2003); 20 C.F.R. § 404.1527(c)(2).  When a treating physician's opinion is not given controlling weight, the ALJ must nonetheless specify what lesser weight she assigned it.  Robinson v. Barnhart, 366 F.3d 1078, 1083 (10th Cir. 2004).

A treating source opinion which is not entitled to controlling weight is "still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Watkins, 350 F.3d at 1300. Those factors are: (1) length of treatment relationship and frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1301; 20 C.F.R. § 404.1527(c)(2-6); see also Drapeau v. Massanari, 255 F.3d 1211, 1213 (10th Cir. 2001) (citing Goatcher v. Dep't of Health & Human Servs., 52 F.3d 288, 290 (10th Cir. 1995)). But, the court will not insist on a factor-by-factor analysis so long as the "ALJ's decision [is] 'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" Oldham v. Astrue, 509 F.3d 1254, 1258 (10th Cir. 2007) (quoting Watkins, 350 F.3d at 1300).

After considering the regulatory factors, the ALJ must give good reasons in her decision for the weight she ultimately assigns the opinion. If she rejects the opinion, she must give specific, legitimate reasons for doing so. Watkins, 350 F.3d at 1301.

## C.    Analysis

In light of this standard, it is beyond cavil that the ALJ erred in failing to specify the weight she accorded to Dr. Bigham's opinion. It is equally clear that she found the opinion inconsistent with record evidence, did not accord it controlling weight, and accorded it little weight. Therefore, it is inappropriate to remand merely to correct the ALJ's oversight. Wilson v. Sullivan, No. 90-5061, 1991 WL 35284, *2 (10th Cir. Feb. 28, 1991) (the court will not remand merely for a ministerial correction); see also, Zumwalt v. Astrue, 220 F. App'x 770, 778-80 (10th Cir. 2007) (applying "plain error" analysis because the plaintiff had not specifically objected to the magistrate judge's recommendation below). The controling question before the court is whether the ALJ provided specific, legitimate reasons for discounting Dr. Bigham's opinion. The court finds that she did, and that remand is not necessary.

As the portion of the decision quoted above reveals, the ALJ provided thirteen reasons for discounting Dr. Bigham's opinion. Plaintiff claims error in only about half of those reasons, and the court finds that substantial record evidence supports the ALJ's finding. Plaintiff's argument that a closer look at the evidence, when properly viewed undermines the ALJ's evaluation and supports Dr. Bigham's opinion, can be seen as a request for the court to reweigh the evidence and substitute its judgment for that of the Commissioner. As noted above, the court may not do so. Bowman, 511 F.3d at 1272; accord, Hackett, 395 F.3d at 1172. Plaintiff must demonstrate the error in the ALJ's rationale or finding; the mere fact that there is evidence which might support a contrary finding will not establish error in the ALJ's determination. "The possibility of drawing

two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.  [The court] may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." Lax, 489 F.3d at 1084 (citations, quotations, and bracket omitted); see also, Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620 (1966) (same).  The court will take a close look at the evidence relied upon by the ALJ, but the question for the court is whether the ALJ's decision is supported by the record evidence.  The focus of judicial review is the decision and what it reveals about the ALJ's view of the evidence, not Plaintiff's view.

Plaintiff first argues that her ability to exercise or to go grocery shopping for thirty to forty-five minutes at a time does not discount Dr. Bigham's opinion because she "testified that she ambulated through a grocery store by leaning onto a grocery cart" and was "almost in tears" from pain at the end, and because although she walked for exercise, her knees hampered her ability to do so.  (Pl. Br. 15).  She argues that these limitations are consistent with Dr. Bigham's opinion.  The court disagrees.  First, the ALJ determined that Plaintiff's allegations of disabling limitations are not credible, and Plaintiff has not claimed error in that determination.  Therefore, the ALJ need not, and did not, accept Plaintiff's characterization of her grocery shopping or her allegations of limitations in exercise.  Both of Plaintiff's function reports indicate that she goes grocery shopping once a week for thirty to forty-five minutes.  (R. 195, 239).  As the ALJ noted, Ms. Wessel, Plaintiff's Physician's Assistant, placed no restrictions on her and encouraged her to walk

8

for weight loss.  (R. 426).  And, Plaintiff reported she was "walking more and has lost weight."  (R. 444).  This evidence supports the ALJ's findings in this regard.

Plaintiff next argues that the ALJ erred in finding that Dr. Bigham's refusal to prescribe a stronger pain reliever than Mobic and failure to refer Plaintiff for physical therapy was inconsistent with his assessment of disabling limitations resulting from severe pain.  (Pl. Br. 15-16).  She argues that Dr. Bigham's fear of Plaintiff becoming addicted to narcotic drugs, and Dr. Samani's report to Dr. Bigham that surgery on Plaintiff's knee would likely be unsuccessful and his recommendation of treatment with non-narcotic medications, diet, and exercise preclude the ALJ's reliance on these factors. Id.  Although the court notes that this issue presents the closest question for its review, it does not find error.  The ALJ noted Dr. Bigham opined that Plaintiff has debilitating limitations in substantial part due to the severity of her pain.  Therefore, it is legitimate to question why he was not more willing to prescribe narcotic pain relievers somewhat stronger than Mobic, such as Percocet, or Lortab in such an extreme case.  Plaintiff's reliance on Dr. Samani's recommendation for exercise also cuts against Plaintiff's argument.  If Plaintiff has severe problems with her knees as Dr. Bigham's opinion suggests, and her healthcare providers are recommending exercise as a treatment tool as did Dr. Samani and Ms. Wessel, the question arises why physical therapy has not been utilized to educate Plaintiff on the means of exercise which will provide the greatest benefit while producing the least pain and other negative impacts.  Moreover, although these two reasons may be the weakest bases supporting the ALJ's decision to discount Dr.

Bigham's opinion, they are but two of the thirteen bases she provided.  Any error in this regard does not require remand.

Plaintiff's suggestion that the ALJ erred in relying on Dr. Bigham's conservative treatment, because she may not rely on a failure or refusal to pursue treatment without applying the four-part test found in Thompson v. Sullivan, 987 F.2d 1482, 1490 (10th Cir. 1993) (citing Frey v. Bowen, 816 F.2d 508, 517 (10th Cir. 1987)) is simply irrelevant to the issue presented here.  The Frey test applies in situations where a claimant has failed or refused to pursue treatment or take medication.  Thompson, 987 F.2d at 1490 ("before the ALJ may rely on the claimant's failure to pursue treatment or take medication as support for his determination of noncredibility").  Here, the ALJ was not evaluating Plaintiff's failure or refusal or Plaintiff's credibility at all.  Rather, he was evaluating Dr. Bigham's opinion regarding functional limitations, and noted that Dr. Bigham's failure to prescribe or recommend suggested Plaintiff's limitations were not as severe as Dr. Bigham opined.

Plaintiff also disagrees with the ALJ's finding that Dr. Bigham did not have a significant treating history with Plaintiff.  (Pl. Br. 16-17).  This is no reason to discount Dr. Bigham's opinion in Plaintiff's view because Dr. Bigham "examined [Ms.] Mackey nine times," he monitored Ms. Wessel, Plaintiff's Physician's Assistant, "who examined [Ms.] Mackey twenty-six times," id. at 16, and together they were "part of a treatment team that treated plaintiff [sic] on a consistent basis."  Id. at 17.  The Commissioner contests each assertion of fact by Plaintiff.  She argues that Dr. Bigham only saw Plaintiff "three times between the alleged onset of disability and the date last insured," and once

after her date last insured when he filled out his medical source statement, and the other five instances Plaintiff relies on were only "chart notes" indicating that Dr. Bigham wrote a prescription but did not see or examine Plaintiff.  (Comm'r Br. 10-11).  She points out that other providers in Dr. Bigham's practice treated Plaintiff thirty times, and argues that although Dr. Bigham occasionally signed Ms. Wessel's treatment notes as a supervising physician, the record does not indicate a team approach was being used in Plaintiff's care or that Dr. Bigham was directing Ms. Wessel's provision of care.  Id. at 11 & n.7.  The court's review of the evidence confirms that the Commissioner is correct in her characterization of the treatment records.  The evidence does not suggest a team approach to care, and the evidence supports the ALJ's evaluation--while Dr. Bigham "occasionally signed as the supervising physician, the record indicates that he rarely saw the claimant personally.  Thus, he did not have a significant treating history with the claimant."  (R. 21).  While the evidence does not compel the ALJ's finding, it certainly supports it.  Moreover, it does not compel a contrary finding, and the court may not interpose it.

Plaintiff's final argument, that Dr. Bigham's opinion is consistent with the evidence as a whole, is no more than an invitation to reweigh the evidence, which the court rejects.  The ALJ explained her bases for finding Dr. Bigham's opinion inconsistent with the record as a whole and while there certainly is a modicum of evidence which can be viewed to support Dr. Bigham's opinion, there is also considerable evidence otherwise, and it is the ALJ's duty to assign weight to the evidence.  Moreover, the ALJ provided additional rationale for discounting Dr. Bigham's opinion which Plaintiff does

11

not address.  Plaintiff has not shown that the ALJ erred in weighing Dr. Bigham's opinion.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

Dated this 26th  day of September 2016, at Kansas City, Kansas.


s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**